[29] In my opinion, a drug store licensed to sell liquor is a blind tiger when illegal sales of liquor are made at that place. When a druggist is indicted for keeping a blind tiger, his contention that the intoxicating liquor is kept and sold when prescribed by a licensed physician as a medicine must be urged by way of defense. Under the Blind Tiger Act, a blind tiger is any place, in a part of the state where the sale of intoxicating liquor is prohibited, where intoxicating liquor is kept for sale; but, since keeping for sale or selling liquor by a duly licensed drug store, when prescribed by a licensed physician as a medicine, is not illegal, a plea that the liquor is kept for sale and sold in a licensed drug store only when prescribed by a licensed physician as a medicine would present an exception to this definition, and thus would be a matter of defense.
[30] I respectfully dissent.
[31] McCALEB, Justice (dissenting).
[32] The prevailing opinion declares that the question for consideration is "whether a duly licensed drug store operated in a dry territory can be classed as a `Blind Tiger' when intoxicating liquor is kept there for sale under a permit granted by the state in accordance with the specific provisions of the Local Option Law." But, in reality, that is not the exact question. It would be more appropriate to say that the question is whether a drug store, which sells intoxicating liquor for beverage purposes in dry territory, is immune from prosecution under the Blind Tiger Act merely because its proprietor holds a permit to sell liquor for medicinal purposes on the prescription of a licensed physician. It strikes me that this question answers itself. Obviously, where the liquor is being kept for sale for beverage purposes, it is being illegally kept and, therefore, not being kept under the permit for the simple reason that a permit for the sale of liquor in dry territory can be granted only for medicinal sales "when prescribed by a licensed physician". See Section 3 of Act 17 of the First Extra Session of 1935.
[33] It follows that, if the liquor is not kept under the permit, the drug store falls squarely within the definition of a "Blind Tiger" and the fact that its owner held a permit for the sale of liquor when prescribed by a licensed physician as a medicine does not change its status as such. The holding to the contrary effects an amendment of Act 8 of the Extra Session of 1915 by excepting from its provisions drug stores that have obtained a permit to sell liquor for medicinal purposes when no such exception appears in the statute.
[34] For these and the reasons given in the original opinion, to which I adhere, I respectfully dissent.